Julian Burns King (Bar No. 298617)
julian@kingsiegel.com
Robert J. King (Bar No. 302545)
robert@kingsiegel.com
**KING & SIEGEL LLP**
724 S. Spring Street, Suite 201
San Diego, California 90014
tel: (213) 465-4802
fax: (213) 465-4803

Attorneys for Plaintiff
Loraine Johnson

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**Loraine Johnson**, an individual,

Plaintiff,

vs.

**Becton Dickenson and Company,** a New Jersey corporation, **CareFusion Resources** LLC, a Delaware Corporation and **Does 1-100**, inclusive,

Defendants.

CASE NO. 3:23-CV-0670-AJB-WVG

**FIRST AMENDED COMPLAINT FOR:**

1. **Retaliation;**
2. **Wrongful Constructive Termination in Violation of Public Policy;**
3. **Discrimination in Violation of the California Fair Employment and Housing Act ("FEHA");**
4. **Failure to Provide a Reasonable Accommodation for Disability; and**
5. **Failure to Engage in the Interactive Process**

**<u>Demand for Jury Trial</u>**

Plaintiff, Loraine Johnson (hereinafter "Plaintiff" or "Ms. Johnson") alleges and states as follows:

## PARTIES

1. Plaintiff **Loraine Johnson** at all times relevant herein, was, and is, an individual residing in the City of San Diego, County of San Diego, State of California.

2. Defendant **Becton Dickenson and Company** ("BD") is a New Jersey Corporation doing business in California, with a primary business address at 1 Becton Drive, Franklin Lakes, NJ 07417. Plaintiff is informed and believes, and thereon alleges, that Defendant regularly employed five or more persons at all relevant times to this action.

3. Defendant **CareFusion Resources LLC** ("CareFusion") is a Delaware Limited Liability Corporation doing business in California. CareFusion has its primary place of business at 3750 Torrey View Court San Diego, CA 92130. Plaintiff is informed and believes, and thereon alleges, that CareFusion regularly employed five or more persons at all relevant times to this action.

4. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants sued herein under fictitious names Does 1 through 100, inclusive, and for that reason sues said Defendants, and each of them, by such fictitious names. Plaintiff is informed, believes, and thereupon alleges that each of the Defendants Does 1 through 10, inclusive, is and was in some manner responsible for, participated in, or contributed to the matters and things of which Plaintiff complains herein, and in some fashion, has legal responsibility, therefore. When Plaintiff ascertains the names and capacities of the fictitiously named Defendants Does 1 through 1000, inclusive, Plaintiff will seek leave to amend this Complaint to set forth such facts.

5. Plaintiff is informed, believes, and there upon alleges that each Defendants is, and at all times relevant herein was, the agent of his, her, or its co-Defendants, and in committing the acts alleged herein, was acting within the scope of his, her, or its authority as such agent, and with the knowledge, permission, and consent of his, her, or its co-Defendants.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action and the matters alleged herein pursuant to the grant of original jurisdiction set forth in Article VI, Section 10 of the California Constitution. The statutes under which this action is brought do not specify any other basis for jurisdiction.

7. 6. This Court has jurisdiction over Defendants because, upon information and belief each Defendant is either a citizen of California, has sufficient minimum contracts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by this Court consistent with traditional notions of fair play and substantial justice.

8. Venue is proper in this Court, because, upon information and belief, one or more of the named Defendants resides, transacts business, or has offices in this county and the acts or omissions alleged herein took place in this county.

9. On or about March 8, 2023, Plaintiff exhausted her administrative remedies by filing the substance of her complaint with the California Civil Rights Department and was issued an immediate right to sue notice. As such, this court has jurisdiction over Plaintiffs claims.

10. Plaintiff hereby demands a trial by jury.

## FACTS COMMON TO ALL CAUSES OF ACTION

11. Defendants own and operate a multinational medical technology and supply company. Plaintiff worked for Defendants (and their predecessor entity) as a "Legal Specialist" lawyer from in or about 2006 until her wrongful constructive termination on or about April 14, 2022. Plaintiffs job duties consisted of providing legal guidance and interpretation to Defendant, including to Defendant's Sales team.

12. At all times relevant herein Plaintiff performed all duties of her position diligently and effectively, as evidenced by her sixteen years of employment and stellar performance and reviews.

13. In or about 2019, Plaintiff began to be subjected to a pattern of harassment and

discrimination by her supervisor, Wendy Preston, on the basis of her age and sex and/or gender. Ms. Preston had a clear preference for younger male employees. Her male subordinates were given much more lenient treatment and latitude than females. When Plaintiff, who was in charge of recruiting for the legal department, would recommend a candidate for hire, Ms. Preston would routinely approve lower pay rates for female hires than males. When Plaintiff complained about this disparate treatment, Ms. Preston justified it demeaning comments such as that women in the department would have affairs with their male coworkers. Ms. Preston would frequently refer to Plaintiff by the demeaning and/or gendered terms "doll," "lady," and "girl," and would refer to Plaintiff as a "high-strung woman" when in the presence of younger male coworkers. Plaintiff routinely informed Ms. Preston that she found these comments demeaning, to no avail.

14. 13. Additionally, in or about 2019, Plaintiff became aware of conduct by members of Defendants' sales team that she reasonably believed, and in fact did, constitute violations of applicable statutes and regulations, including but not limited to 21 CFR 820, et seq. In particular, Plaintiff had become aware that Defendants' sales teams were engaging in sales without proper required oversight by the legal team, as well as making inaccurate claims regarding the efficacy of Defendants' products. Plaintiff further became aware that Defendants' sales team, who were not legal professionals, were being permitted to give legal advice and weigh in on the legality of Defendants' policies and procedures, which constituted the unauthorized practice oflaw. Plaintiff initially made a complaint regarding these issues to Ms. Preston, who summarily dismissed Plaintiff's concerns. As such, during a management meeting on or about May 7, 2019, Plaintiff reiterated her concerns, and alerted Defendants' management that the above conduct not only constituted significant legal violations, but posed a danger to the health and safety of the public. Defendants' management again dismissed Plaintiff's complaints.

15. 14. Following Plaintiff's complaints, Defendants refused to take corrective action. Therefore, Plaintiff continued to complain about the ongoing issues from this time for the remainder of her employment. Plaintiff also complained to Defendants when, on or about

June 1, 2021, Defendants filed a false certification with the State of California claiming to have instituted policies and procedures to ensure compliance with applicable regulations, despite this being blatantly untrue.

16. 15. Following Plaintiff's complaints of harassment and discrimination, and following her complaints unlawful activity, Defendants began to subject Plaintiff to a sustained campaign of retaliation. Plaintiff is informed and believes, and based thereon alleges that this retaliation was an effort to punish Plaintiff for her complaints, and to set her up for failure and ultimately coerce her into resigning her position.

17. For example, following the May 7, 2019 meeting, Defendants' Senior Director and Plaintiffs supervisor Nancy Montemarano, reprimanded Plaintiff for her complaints, stating that raising such complaints was "inappropriate," and that she needed to apologize to those present for her complaints.

18. Plaintiffs performance reviews had always been exceptional, but following her complaints began to steadily decline, despite continuing to perform at a high level. Defendants also began to steadily take away Plaintiffs high level job duties and responsibilities, such as barring her from participating in management meetings, while simultaneously having increasing numbers of low-level time-consuming clerical projects foisted upon her. When Plaintiff questioned why her high-level job duties were being removed despite there being no change in her performance, Plaintiffs supervisor would respond with words to the effect of "you were obviously too busy," while continuing to increase her low-level tasks.

19. When these efforts failed to coerce Plaintiff into resigning from her position, on or about April 22, 2021, Defendants increased its retaliation against Plaintiff by commencing a baseless ethics investigation again her. Plaintiff was informed that the investigation was a result of her "blunt" statements, i.e., her continuing complaining about Defendants' illegal conduct.

20. As a result of this campaign of retaliation, Plaintiffs post-traumatic stress disability was severely exacerbated. As a result, on or about June 7,2021, Plaintiffs doctor gave her the temporary work restriction of a period leave through on or about September 6, 2021.

This proved to be the final straw for Defendants, who at this time determined that Plaintiff must be coerced into a resignation at all costs.

21. Promptly upon Plaintiffs return on or about September 7, 2021, Ms. Preston scheduled a meeting with Plaintiff and told her to "stand down," and that she should now take a "passive role" in the company.

22. As a result of this campaign of harassment, as well as Defendants' continued illegal conduct, on or about October 7, 2021, Plaintiff made a formal complaint to Defendants' human resources department. Defendants responded by informing Plaintiff that she should not "engage in legal interpretation," by complaining about issues she believed to be legal violations, and that her concerns regarding legal violations were "inappropriate." Furthermore, in or about December of 2021, Plaintiff was subjected to a retaliatory pay reduction.

23. 22. By April of 2022, it was apparent that Defendants had no intention of rectifying its illegal conduct, or ceasing its retaliation against Plaintiff on the basis of her complaints regarding illegal activity, and protected medical leave. After continuing to be required to sign off on representations she knew to be false, constituting a violation of the California rules of professional conduct, Plaintiff had no choice but to resign her position, and was constructive terminated on or about April 14, 2022.

**FIRST CAUSE OF ACTION**

**(Retaliation)**

**(Against all Defendants)**

24. Plaintiff refers to and incorporates herein by reference the above paragraphs as though fully set forth herein.

25. At all times relevant, Plaintiff was an employee of Defendants.

26. At all times mentioned herein, Defendants employed five or more persons, and Labor Code section 1102.5 and the Fair Employment and Housing Act were in full force and effect and binding on Defendants. These statutes require Defendants to refrain from retaliation against any employee as a result of the employee's opposition to practices forbidden by state or federal statute, or practices that violate or do not comply with a local, state, or federal

rule or regulation pursuant to Labor Code section 1102.5(c), and require Defendants to refrain from retaliating against an employee who complains of harassment on the basis of a protected category, or requests an accommodation for disability.

27. On multiple occasions, Plaintiff complained to Defendants regarding conduct Plaintiff reasonably believed to constitute violations of applicable California statutes and regulations, including but not limited to 21 CFR 820, et seq and California Business and Professions Code§ 6125, et al.

28. On multiple occasions, Plaintiff complained to her supervisor Wendy Preston regarding Ms. Preston's inappropriate comments to Plaintiff, and her discrimination against Plaintiff on the basis of her age and sex. Plaintiff also requested a reasonable accommodation of a period of leave for her PTSD disability.

29. As a result of Plaintiffs protected activities, Defendants retaliated against Plaintiff by decreasing her pay, changing her job descriptions, harassing Plaintiff, and ultimately constructively terminating her employment.

30. As a proximate result of Defendants' willful, knowing, and intentional retaliation against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

31. As a proximate result of Defendants' willful, knowing, and intentional unlawful actions against Plaintiff, Plaintiff has sustained and continues to suffer humiliation, emotional distress, mental distress, and anguish, all to her damage in sum according to proof.

32. As a proximate cause of the aforementioned violations, Plaintiff has been damaged in an amount to be determined at trial, but in an amount in excess of the jurisdiction of this Court. Plaintiff is entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to California Labor Code sections 226.7 and 558, plus interest.

## SECOND CAUSE OF ACTION

**(Constructive Wrongful Termination in Violation of Public Policy)**

**(Against all Defendants).**

33. Plaintiff refers to and incorporates herein by reference the above paragraphs as through fully set forth herein.

34. As set forth above, Plaintiff repeatedly complained to Defendants regarding Defendants unlawful activity, and Defendants disparate treatment of Plaintiff on the basis of her protected categories. Plaintiff also requested and used a reasonable accommodation of her disability.

35. As a direct and proximate result of Plaintiffs protected status and activities, Defendants harassed Plaintiff, reduced her pay, and changed her job duties. Plaintiff is informed and believes that Defendants actions were a intentional effort to coerce Plaintiff into resigning. The above conduct amounted to a change in terms of the employment, and were so onerous that any reasonable person in Plaintiffs position would have no choice but to resign.

36. As a direct and proximate result of Plaintiff's constructive termination in violation of the public policy, Plaintiff has suffered and will continue to extreme and severe mental anguish and emotional distress and loss of earnings. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

37. Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring Plaintiff. Defendants, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

**THIRD CAUSE OF ACTION**

**(Discrimination In Violation Of The California Fair Employment And Housing Act)**

**(Against All Defendants)**

38. Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

39. At all times material to this action, the Fair Employment and Housing Act,

embodied in Government Code section 12940 et seq., was in full force and effect and binding on Defendants. FEHA prohibits employers from discriminating against employees based on their age, sex-gender, and/or disability.

40. Plaintiff believes and thereon alleges that Defendant is a qualified employer subject to the requirements of the FEHA.

41. A all times herein relevant, Plaintiff was a disabled female over the age of forty.

42. At all times material to this action, Plaintiff was subjected to disparate treatment on the basis of her protected categories, including but not limited to lower pay, additional job duties, harassing statements, a baseless ethics investigation, and ultimately constructive termination.

43. As a direct and proximate cause of Defendant's unlawful discrimination against Plaintiff, she has suffered and continues to suffer general, compensatory, and special damages, including lost wages and benefits, future loss of wages and benefits, and emotional distress in an amount unknown, but that will be ascertained according to proof at trial.

**FOURTH CAUSE OF ACTION**

**(Failure to Provide a Reasonable Accommodation for Disability)**

**(Plaintiff Against all Defendants)**

44. Plaintiff refers to and incorporates herein by the above paragraphs as though fully set forth herein.

45. The Fair Employment and Housing Act, Government Code section 12940, et seq. (the "FEHA") makes it unlawful for a covered employer to "fail to make reasonable accommodation for the known ... physical [or] mental ... disability of an ... employee" unless the accommodation would cause undue hardship. Government Code section 12940 (m).

46. This cause of action is brought pursuant to the FEHA, Gov. Code§§ 12940 (m) and 12945 (b) requiring employers to make reasonable accommodations for disabilities of employees, such as Plaintiff.

47. Plaintiff is a disabled person covered by the FEHA, because, as alleged above, she suffered from the disability of post-traumatic stress disorder that limited her ability to

participate in the major life activities of working.

48. Plaintiff requested the reasonable accommodation of a period of leave.

49. Defendants failed to reasonably accommodate Plaintiffs disability and, instead, constructively terminated Plaintiffs employment and resulted in Plaintiff being discriminated which caused severe emotional distress.

50. Accordingly, Defendants failed to provide Plaintiff with the reasonable accommodations and violated California Government Code § 12945(b ).

51. As a result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits, has incurred attorneys' fees and medical bills, all to her damage in excess of the minimum jurisdiction of this court, the precise amount to be proved at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to Civil Code § 3287 and/or any other provision of law providing for pre-judgment interest.

52. As a result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer substantial anxiety, humiliation, mental anguish, embarrassment, worry, sleeplessness, mental and emotional distress, loss of reputation, and other incidental damages and out-of-pocket expenses, all to Plaintiffs general damage in excess of the minimum jurisdiction of this court, with the precise amount to be proved at the time of trial.

53. Defendants, in performing the acts alleged above, acted with a conscious disregard of Plaintiffs rights, and with the intent to vex, injure and annoy Plaintiff; such as to constitute oppression, fraud or malice under California Civil Code§ 3294 thereby entitling Plaintiff to exemplary or punitive damages.

54. As the result of Defendants' failure to accommodate as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided by California Government Code section 12965(b).

**FIFTH CAUSE OF ACTION**

**(Failure to Engage in Interactive Process)**

**(Plaintiff Against all Defendants)**

55. Plaintiff refers to and incorporates herein by the above paragraphs as though fully set forth herein.

56. At all times mentioned herein, the California Fair Employment and Housing Act (Gov. Cod Sec. 12940, et seq.) was in full force and effect, and required Defendants to engage in a good-faith interactive process with Plaintiff to determine whether or not a reasonable accommodation of Plaintiffs disabilities was possible.

57. At all relevant times herein mentioned, Plaintiff was a disabled person covered by the PEHA, because, as alleged above, she suffered from a disability that limited her ability to participate in major life activities of working. Defendant was aware that Plaintiff suffered from a disability because Plaintiff informed Defendant and requested accommodations. At all times Plaintiff was willing to participate in a good-faith interactive process to determine whether reasonable accommodations could be made.

58. Defendants refused to engage in a good-faith interactive process, and instead summarily constructively terminated Plaintiff following her accommodation request.

59. Plaintiff did not cause the breakdown of the interactive process. Rather, the breakdown in the interactive process was caused by Defendants.

60. As a result of Defendants′ failure to engage in a good-faith interactive process, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits, has incurred attorneys′ fees and medical bills, all to her damage in excess of the minimum jurisdiction of this court, the precise amount to be proved at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to Civil Code § 3287 and/or any other provision of law providing for pre-judgment interest.

61. As a result of Defendants′ discriminatory conduct, Plaintiff has suffered and continues to suffer substantial anxiety, humiliation, mental anguish, embarrassment, worry, sleeplessness, mental and emotional distress, loss of reputation, and other incidental damages and out-of-pocket expenses, all to Plaintiffs general damage in excess of the minimum jurisdiction of this court, with the precise amount to be proved at the time of trial.

62. Defendants, in performing the acts alleged above, acted with a conscious

disregard of Plaintiffs rights, and with the intent to vex, injure and annoy Plaintiff; such as to constitute oppression, fraud or malice under California Civil Code§ 3294 thereby entitling Plaintiff to exemplary or punitive damages.

## PRAYER FOR DAMAGES

1. For damages according to proof, including loss of earnings, deferred compensation, and other employment benefits;

2. For general damages, according to proof

3. For other special damages according to proof, including but not limited to reasonable medical expenses

4. For prejudgment interest on lost wages and benefits

5. For costs incurred by Plaintiff, including reasonable attorney's fees and costs of suit, in obtaining the benefits due Plaintiff and for violations of Plaintiffs civil rights through the Fair Employment & Housing Act, as set forth above

6. For punitive damages and exemplary damages according to proof; and

7. For such other and further relief as the court deems just and proper.

8. For an award of reasonable attorneys' fees, costs, expert costs, and expenses pursuant to statutory and common law in an amount exceeding $250,000; and

9. For such other and further relief as this Court may deem just, fair, and proper.

Dated: June 12, 2023

Respectfully submitted,

**KING & SIEGEL LLP**

By: Robert J. King
Julian Burns King
Robert J. King
Attorneys for Plaintiff